UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GUY M. BULLIS,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL FARRELL; and THE LAW OFFICE OF MIKE FARRELL, PLLC,<br><br>    Defendants. | C21-5839 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion to dismiss for lack of personal jurisdiction, docket no. 10. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Discussion**

Plaintiff Guy M. Bullis resides in Pierce County, Washington. *See* Compl. at ¶ 1 (docket no. 1). Defendant Michael Farrell is an attorney who lives, and is licensed to practice law, in Mississippi. *Id.* at ¶ 2. Farrell's professional limited liability company, which is also named as a defendant, is likewise located in Mississippi, specifically at 210 E. Capital Street, Suite 1088, Jackson, Mississippi. *Id.* at ¶¶ 2–3. Plaintiff asserts

ORDER - 1

four claims against defendants, namely breach of fiduciary duty, legal malpractice, breach of contract, and violation of Washington's Consumer Protection Act ("CPA"), arising from defendants' representation of plaintiff in two lawsuits, one in Louisiana and the other in Virginia.  <u>Id.</u> at ¶¶ 74–101.14.  The operative pleading makes no allegation that Farrell ever physically entered Washington, and Farrell has represented under oath that he has never been to the state.  <u>See</u> Farrell Decl. at ¶ 3 (docket no. 10-1).  Plaintiff concedes that defendants are not subject to general personal jurisdiction and relies solely on specific personal jurisdiction as a basis for proceeding with this action in this District.  <u>See</u> Pla.'s Resp. at 4 (docket no. 14).

The Court may exercise specific personal jurisdiction only if defendants have "sufficient contacts with the forum state in relation to the cause[s] of action."  <u>See</u> <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990).  The sufficiency of defendants' contacts with Washington must be evaluated using the following three-part test:  (i) whether defendants purposefully directed their activities at the forum or a resident thereof; (ii) whether plaintiff's claims arise out of or relate to defendants' forum-related activities; and (iii) whether haling defendants into the forum is reasonable.  <u>See id.</u>; <u>see also</u> <u>Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.</u>, 905 F.3d 597, 603 (9th Cir. 2018). The reasonableness of requiring defendants to litigate in this District must be assessed by balancing seven factors:  (i) the extent of defendants' purposeful interjection into the forum's affairs; (ii) the burden on defendants of defending themselves in this District; (iii) the extent of any conflict with the sovereignty of defendants' state; (iv) the forum's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the

ORDER - 2

controversy; (vi) the importance of the forum to plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative venue.  See Freestream, 905 F.3d at 607.  The above standards seek to ensure that a defendant will not be forced into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts." Id. at 603.

When an out-of-state attorney represents an in-state client in an out-of-state matter, as is the situation in this case, the majority view is that the out-of-state lawyer "does not purposefully avail himself of the client's home forum's law and privileges" in the absence of "some evidence that the attorney reached out to the client's home forum to solicit the client's business." Newsome v. Gallacher, 722 F.3d 1257, 1280–81 (10th Cir. 2013); see Cassandra Burke Robertson, *Personal Jurisdiction in Legal Malpractice Litigation*, 6 ST. MARY'S J. LEGAL MALPRACTICE & ETHICS 2, 19–20 (2016) (observing that "the Tenth Circuit may have overstated whether there was a true 'majority view' on personal jurisdiction over a non-resident attorney hired to assist with out-of-state needs," but "since it was decided, the [Newsome] case has been influential" and "[e]ven if the Newsome court's position was not clearly the majority view at the time it was decided, it appears to have become the majority view"); see also Sher, 911 F.2d at 1363 ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state.").

In an attempt to carry his burden of establishing personal jurisdiction, plaintiff contends that defendants solicited him to become a client, relying on an email sent by Farrell in January 2015 relating to the Louisiana action and an email sent by Farrell in

ORDER - 3

July 2017 concerning the Virginia matter.  See Compl. at ¶¶ 6, 12, & 22–23 (docket no. 1).  Both emails transmitted a proposed attorney engagement agreement, which plaintiff executed and returned electronically.  Id. at ¶¶ 10 & 24.  With respect to the first email, plaintiff does not allege that Farrell knew where plaintiff resided at the time he sent the email.  In contrast, Farrell has declared under penalty of perjury that plaintiff was only one of over 150 individuals to whom Farrell sent emails in January 2015, inviting them to join in the Louisiana lawsuit, and that, at the time, he did not know where plaintiff was physically located.  Farrell Decl. at ¶¶ 10–15 (docket no. 10-1).  The Louisiana action involved 78 former employees of Computer Science Corporation ("CSC"), only two of whom, including plaintiff, were citizens of Washington; the rest provided addresses in 18 other states, an American territory, and two other countries.  See id. at ¶ 19.  The record simply does not support a finding that Farrell knew plaintiff was in Washington or purposefully directed his January 2015 solicitation at the forum.

Farrell concedes that, when he sent the email in July 2017, asking plaintiff to participate in the Virginia lawsuit, he had constructive, if not actual, notice that plaintiff had a home in Dupont, Washington.  Defs.' Reply at 3 (docket no. 17).  Plaintiff provided his address in response to Farrell's January 2015 email, and Farrell used the citizenship information to allege diversity jurisdiction in the Louisiana case.  See Farrell Decl. at ¶ 18 (docket no. 10-1).  The Court is not, however, persuaded that the second solicitation or any other email correspondence between Farrell and plaintiff constitutes the type of purposeful availment or direction that supports the exercise of personal jurisdiction.  As indicated in Farrell's declaration, plaintiff's work occasionally required him to reside

ORDER - 4

abroad; when plaintiff received CSC's offer letter via email in 2010, he was in Balad, Iraq, even though the offer letter bore a postal address in Dupont, Washington.  See id. at ¶ 27.  Farrell is not alleged to have sent any document to plaintiff via U.S. mail or other delivery service, or to have spoken directly with plaintiff via phone or equivalent means during the course of representing him, and the Court cannot conclude, based on the facts stated in the complaint, that Farrell knew his emails were being received in Washington or aimed his electronic communications toward the state.

Even if Farrell were, however, deemed to have purposefully directed his actions at the forum, the Court would nevertheless be convinced that requiring defendants to defend against plaintiff's claims in this District would not be reasonable and would violate traditional notions of fair play and substantial justice.  The minimal nature of Farrell's interjection into the forum, the high burden on him and his firm associated with litigating so far away from home, Mississippi's substantial interest in regulating the conduct of lawyers licensed to practice there, and Washington's lack of interest in adjudicating whether a Mississippi attorney committed malpractice in Louisiana and/or Virginia weigh strongly against exercising personal jurisdiction over defendants in this matter.  See Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C., 723 F. App'x 871, 876–77 (11th Cir. 2018) (observing that the plaintiffs' home state, Georgia, had "a limited interest" in adjudicating a dispute involving Florida lawyers who allegedly committed malpractice and fraud in the courts of New York).  Although proceeding in Washington would offer plaintiff more convenience and less expense, plaintiff can obtain relief in a different venue that will be as effective as any remedy secured in this District.

ORDER - 5

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' motion to dismiss, docket no. 10, is GRANTED in part and DENIED in part. The Court concludes that it lacks personal jurisdiction over defendants, but declines to dismiss this case, and instead TRANSFERS the matter to the Southern District of Mississippi. *See* 28 U.S.C. § 1631.

(2) The Clerk is directed to send a copy of this Order to all counsel of record and to effect the transfer of this action fifteen (15) days after entry of this Order.

IT IS SO ORDERED.

Dated this 4th day of March, 2022.

Thomas S. Zilly
United States District Judge